Citation Nr: 1536795 
Decision Date: 08/28/15 Archive Date: 09/04/15

DOCKET NO. 08-11 400 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans. Louisiana


THE ISSUE

Whether new and material evidence has been received in order to reopen a claim of entitlement to service connection for degenerative disc disease of the cervical spine.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Crohe, Counsel







INTRODUCTION

The Veteran served on active duty from July 1977 to July 1984.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2004 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans. Louisiana.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In his March 2008 substantive appeal (VA Form 9) and in correspondence received in March 2008, the Veteran requested a Board hearing before a Veterans Law Judge sitting at the RO (Travel Board hearing). As such, he was scheduled to appear at a Travel Board hearing on July 28, 2009. However, in July 2, 2009 correspondence, the Veteran and his representative reported that the Veteran would be unable to attend the hearing due to surgery and convalescence. As such, they requested that the Veteran be rescheduled for the next available video-conference or Travel Board hearing. The Veterans Law Judge scheduled to hear the Veteran's appeal on July 28, 2009, determined that good cause had been shown and granted the Veteran's motion to reschedule his Board hearing. However, to date, such has not been accomplished and the Veteran has not withdrawn his request for a Board hearing. Therefore, a remand is necessary in order to afford the Veteran his requested Board hearing. 38 C.F.R. §§ 20.700, 20.702, 20.704 (2015).

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for the next available video-conference or Travel Board hearing before a Veterans Law Judge.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).